IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL J. PALMITESSA            :
CYNTHIA J. PALMITESSA,       :
                                     :     Case No. 4 : 06-CV-825
            Plaintiffs,       :
    v.                             :
                                       :     (Judge McClure)
TIDEWATER BUILDERS, INC.,    :
SCOTT SUTHERLAND, JERRY     :
WILES, JOHN GUNTHER, and     :
ELLIS BARNES,                :
                                       :
           Defendants.     :

**M E M O R A N D U M**

June 23, 2006

**BACKGROUND:**

On April 20, 2006, plaintiffs Paul and Cynthia Palmitessa filed a twenty-three

count complaint involving the alleged defects in defendants' construction of a

custom-built home located at 7700 Woodland Drive, Myrtle Beach, South Carolina.

Exhibit A to the complaint is a copy of the executed construction contract.

Nineteen of the complaint's counts were brought on a breach of contract theory

and four additional counts sound in fraud and deceptive business practices.  The

defendants are a South Carolina corporation and individual residents of South

Carolina.  The plaintiffs are residents of Pennsylvania.  Plaintiffs seek damages in

the amount of $250,000.00 in compensatory and punitive damages.

Now before the court are defendants' motion to compel arbitration, motion to dismiss plaintiffs' complaint for lack of personal jurisdiction, motion to dismiss plaintiffs' complaint for insufficiency of service of process, and motion to dismiss plaintiffs' complaint for improper venue.  For the following reasons we will deny defendants' motion to dismiss for lack of personal jurisdiction as to the corporate defendant and grant the motion as to the individual defendants, grant defendants' motion to compel arbitration, dismiss plaintiffs' complaint, direct the clerk to close the case file, and dismiss defendants' motions to dismiss plaintiffs' complaint for improper venue and for insufficiency of service of process as moot.

**DISCUSSION:**

### I.  Statement of Relevant Facts

Plaintiffs are residents of Pennsylvania who contracted with defendant Tidewater Builders, Inc. to build a custom home in Myrtle Beach, South Carolina. The defendants are a South Carolina construction company and several employees of the company.  In February 2005, after placing a telephone call to Palmitessa, Tidewater mailed the construction contract to plaintiff Paul Palmitessa in Pennsylvania.  He signed the contract on February 5, 2005 in Pennsylvania.

Article 22 of the contract provides:

> Attorney's Fees/Arbitration.  If it becomes necessary for either party to enforce provisions of this Contract or to obtain redress for the violation of any provisions hereof, whether by litigation, arbitration, or otherwise, the prevailing party, in addition to any recovery obtained in such action, shall be entitled to reasonable attorney's fees, court costs, and other legal fees incurred herein. Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration pursuant to South Carolina law and in accordance with the Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof.  Either party may initiate arbitration.

(Rec. Doc. No. 1, Ex. A, at 5.)

Plaintiffs' complaint alleges nineteen claims of breach of contract and four claims of fraud and deceptive business practices stemming from the construction of the home.

## II.  Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2)

The court has subject matter jurisdiction under 28 U.S.C. § 1332. Defendants assert that we lack personal jurisdiction over defendants and have filed a motion to dismiss on those grounds under Federal Rule of Civil Procedure 12(b)(2).  Defendants assert that plaintiffs' claims do not arise from any alleged activity in the Commonwealth of Pennsylvania and that defendants do not have the

necessary continuous or systematic contacts with Pennsylvania that would allow us

to exercise personal jurisdiction over the South Carolina defendants.  Plaintiffs'

brief in opposition indicates that plaintiffs looked for builders while they were

visiting South Carolina.  It also asserts that defendant Gunther placed a telephone

call to Paul Palmitessa at his Pennsylvania business in February 2005 indicating that

a construction contract would be sent to Pennsylvania.  Days later a construction

contract arrived at plaintiffs' residence in Pennsylvania and Palmitessa signed the

contract and returned it to Tidewater's offices in South Carolina.  The brief in

response also indicates that defendants entered into a series of communications

with Mr. Palmitessa in Pennsylvania during the construction of the home from

February 2005 to September 9, 2005.

Under Federal Rule of Civil Procedure 4(e) a district court applies "the law

of the forum state in determining whether personal jurisdiction is proper."  Vetrotex

Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 160 (3d Cir.

1996); see Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d

Cir. 1998).  Pennsylvania's long-arm statute, codified at 42 Pa. C.S.A. § 5322(b),

authorizes Pennsylvania courts to "exercise personal jurisdiction over nonresident

defendants to the constitutional limits of the due process clause of the fourteenth

amendment."  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217,

1221 (3d Cir. 1992).

Under the Constitution, personal jurisdiction over a nonresident defendant is appropriate only if the defendant has "minimum contacts" with the forum state such that a suit in that state does not "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). There is no fixed standard for assessing "minimum contacts", but there must exist "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citing Int'l Shoe, 326 U.S. at 319). Defendants assert that plaintiffs cannot establish general or specific jurisdiction, but we disagree as to the corporate defendant.

Defendants correctly note that plaintiffs have advanced no theory of general jurisdiction so our analysis will pertain solely to specific jurisdiction.

> To make a finding of specific jurisdiction, a court generally applies two standards, the first mandatory and the second discretionary. These standards serve to ensure that defendants receive due process as required by the Fourteenth Amendment. First, a court must determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." Second, assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial

5

> justice.' " Although the latter standard need only be
> applied at a court's discretion, we have generally chosen
> to engage in this second tier of analysis in determining
> questions of personal jurisdiction.

Pennzoil, 149 F.3d at 200 (citations omitted).  We find that defendant corporation's

conduct in mailing the construction contract to Pennsylvania, with the intention for

the contract to be signed by Palmitessa in Pennsylvania , along with the defendant

corporation's repeated communications regarding the construction with plaintiffs in

Pennsylvania during 2005, is enough to establish sufficient minimum contacts to

establish personal jurisdiction that comports with fair play and substantial justice

under the Constitution.  "[S]olicitation of business in the forum state is generally

sufficient to establish personal jurisdiction over the defendant for claims arising out

of injuries to purchasers within the forum state."  Pinker v. Roche, 292 F.3d 361,

371 (3d Cir. 2002) (citing McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957)); see,

e.g., Coleman v. Lazy Days RV Center, Inc., No. 04-CV-2198, 2005 WL 1154492

(M.D. Pa. May 6, 2005) (Munley, J.).  Therefore, defendants' motion to dismiss

for lack of personal jurisdiction is denied as to the corporate defendant.

We will grant defendants' motion as to the individual defendants as the

allegations in the complaint are related entirely to the corporate defendant's

agreement with the plaintiff.  The allegation that the individual defendant Gunther

made contact by telephone with plaintiffs in Pennsylvania, which appears in

plaintiffs' brief in opposition, fails to establish that the individual defendants have

sufficient minimum contacts with the State of Pennsylvania.  Furthermore, Gunther

placed that call on behalf of the corporate defendant, as the corporate defendant is

a party to the contract forming the basis of plaintiffs' claims and not the individual

defendants.  Haling the individual defendants into Pennsylvania to defend this

lawsuit would offend traditional notions of fair play and substantial justice.

Therefore, we will grant defendants' motion to dismiss for lack of personal

jurisdiction as to the individual defendants.[1]

### III.  Motion to Compel

"Arbitration is a matter of contract between the parties and a judicial mandate

to arbitrate must be predicated upon an agreement to that effect."  Par-Knit Mills,

Inc. v. Stockbridge Fabric Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980).  The Federal

Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., governs how district courts handle

arbitration agreements entered into by parties.   The FAA "establishes that, as a

matter of federal law, any doubts concerning the scope of arbitrable issues should

---

[1]  We note that Ellis Barnes has not entered an appearance and has
apparently been terminated from employment with Tidewater.  Plaintiffs note in
their reply brief that they received a return receipt of the mailing of the summons
and complaint to Barnes at his former place of employment.

be resolved in favor of arbitration." <u>Moses H. Cone Mem'l Hosp. v. Mercury</u>

<u>Constr. Corp.</u>, 460 U.S. 1, 24 (1983).

Defendants have filed a motion to compel arbitration.  In their motion they

request that we dismiss the plaintiffs' complaint with prejudice or in the alternative

stay the case pending arbitration.  Plaintiffs do not request a stay pending

arbitration, but instead argue that they are not bound to the terms of the arbitration

agreement.

The defendant corporation is entitled to its motion to compel arbitration.  All

of the plaintiffs' causes of action fall under the terms of Article 22 of the contract.

Plaintiffs' attempt in their brief in opposition to disavow themselves from the

contract and its arbitration clause is perplexing.  Nineteen of the plaintiffs' causes

of action are based on breach of the same contract they now attempt to disavow in

order to avoid an adverse ruling.  The court finds it insignificant that the boilerplate

stated "Tidewater & Golf Plantation" before "owner" in its opening paragraph.

The contract clearly indicates that "Paul Palmitessa" is the owner's name.  Likewise

the contract indicates that:

> <u>Any controversy or claim arising out of or relating to this</u>
> <u>Contract, or the breach thereof, shall be settled by</u>
> <u>arbitration</u> pursuant to South Carolina law and in
> accordance with the Arbitration Rules of the American
> Arbitration Association, and judgment upon the award

> rendered by the arbitrator(s) may be entered in any Court
> having jurisdiction thereof.  Either party may initiate
> arbitration.

(Rec. Doc. No. 1, Ex. A, at 5, Art. 22.)  Plaintiffs' complaint alleges causes of

action which fall within the plain language of the arbitration clause.  "'A naked

assertion . . . by a party that it did not intend to be bound by the terms of an

arbitration agreement' is insufficient to raise an issue of fact about the existence of

an agreement to arbitrate." Digital Signal, Inc.  v. Voicestream Wireless, Corp., 156

F. App'x 485, 487 (3d Cir. 2005) (quoting Par-Knit Mills, 636 F.2d at 55).  There

can be no genuine dispute that the parties expressly and unequivocally agreed to

arbitrate the claims in plaintiffs' complaint.  As such, we will compel arbitration

against the corporate defendant and dismiss the complaint with prejudice, as

defendants have requested.[2]

---

[2]  We note the United States Court of Appeals for the Third Circuit recently
held that the plain language of section 3 of the FAA "affords a district court no
discretion to dismiss a case where one of the parties applies for a stay pending
arbitration."  Llyod v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004).
Defendants made a request for a stay as alternative relief in their brief in support of
their motion to compel arbitration.  We are convinced, however, that defendants'
brief demonstrates that they would prefer we dismiss the action with prejudice.
First, defendants advance dismissal with prejudice as their first form of relief.
Second, defendants cite to the United States Court of Appeals for the Fifth Circuit
for the proposition that "[t]he weight of authority clearly supports dismissal of the
case when all of the issues raised in the district court must be submitted to
arbitration."  Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir.
1992); see also Dancu v. Coopers & Lybrand, 778 F. Supp. 832, 835 (E.D. Pa.

## **CONCLUSION:**

We find that we have personal jurisdiction over the corporate defendant, but not over the individual defendants.  Thus we will grant defendants' motion to dismiss the complaint for lack of personal jurisdiction in part.  We will dismiss the action with prejudice and grant defendants' motion to compel arbitration.  Defendants' motions to dismiss for improper venue and for insufficiency of service are moot in light of our ruling.

> s/ James F. McClure, Jr.
> James F. McClure, Jr.
> United States District Judge

---

1991), aff'd, 972 F.2d 1330 (1992) ("Retaining jurisdiction would serve no purpose as both claims will be determined in the arbitration.")

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL J. PALMITESSA       :
CYNTHIA J. PALMITESSA,     :
               :   Case No. 4 : 06-CV-825
      Plaintiffs,    :
    v.           :
               :   (Judge McClure)
TIDEWATER BUILDERS, INC.,    :
SCOTT SUTHERLAND, JERRY    :
WILES, JOHN GUNTHER, and    :
ELLIS BARNES,         :
               :
      Defendants.    :

## O R D E R

June 23, 2006

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendants' motion to dismiss for lack of personal jurisdiction is denied as to the corporate defendant and granted as to the individual defendants. (Rec. Doc. No. 7.)

2.  Defendants' motion to compel arbitration is granted as to the defendant corporation.  (Rec. Doc. No. 5.)  Since all of the issues in plaintiff's complaint are covered by the arbitration clause we will also dismiss the plaintiff's complaint with prejudice.  Should plaintiffs wish to pursue the claims they have

raised in their complaint they should enter into arbitration pursuant to the terms set

forth in Article 22 of the contract between the parties.

    3.    Defendants' motion to dismiss for improper venue is denied as moot.

(Rec. Doc. No. 6)

    4.    Defendants' motion to dismiss for insufficiency of service of process

as to the individual defendants is denied as moot.  (Rec. Doc. No. 8.)

    5.    The clerk is directed to close the case file.


            s/ James F. McClure, Jr.
            James F. McClure, Jr.
            United States District Judge